831 So.2d 398 (2002)
STATE of Louisiana,
v.
David LEFEURE a/k/a David Lefevre.
No. 02-KA-592.
Court of Appeal of Louisiana, Fifth Circuit.
October 29, 2002.
*399 Paul Connick, Jr., District Attorney, Terry Boudreaux, Thomas Butler, Donald A. Rowan, Assistant District Attorneys, Gretna, LA, for State.
Margaret S. Sollars, Thibodaux, LA, for defendant-appellant.
Panel composed of Judges JAMES L. CANNELLA, CLARENCE E. McMANUS and WALTER J. ROTHSCHILD.
CLARENCE E. McMANUS, Judge.
In this matter, we amend the defendant's sentence and as amended, affirm.

STATEMENT OF THE CASE
On June 21, 1999, the Jefferson Parish District Attorney filed a bill of information charging defendant with the armed robbery of Brenda Moore (Count 1), the aggravated burglary of Bayou Daiquiris (Count 2), the second degree kidnapping of Brenda Moore (Count 3), the armed robbery of Aubrey Cox (Count 4) and the second degree kidnapping of Aubrey Cox (Count 5). A jury found defendant guilty of all counts. Defendant was then sentenced to 99 years on Count 1, 30 years on Count 2, 40 years on Count 3, 5 years on Count 4, and 40 years on Count 5. The trial court ordered that these sentences, totaling 214 years, be served consecutively without benefit of parole, probation or suspension of sentence.
Thereafter, defendant appealed his convictions and sentences. This Court affirmed the defendant's convictions on Counts 1, 2, 3 and 5, but reversed the conviction on Count 4, armed robbery of Aubrey Cox, due to a double jeopardy violation. State v. Lefeure, 00-1142 (La. App. 5 Cir. 1/30/01), 778 So.2d 744, writ denied, 01-1440 (La.9/21/01), 797 So.2d 669. This Court also vacated the defendant's sentences because they were constitutionally excessive and remanded *400 the matter to the trial court for re-sentencing. Id.
The trial court re-sentenced defendant on May 24, 2001 and defendant again appealed to this Court. On January 15, 2002, this Court vacated defendant's second sentence, finding that defendant's waiver of his right to counsel did not extend to the sentencing phase and that he was re-sentenced in violation of his constitutional right to counsel. State v. Lefeure, 01-1003 (La.App. 5 Cir. 1/15/02), 807 So.2d 922, writ dismissed, 01-1013 (La.2/22/02), 809 So.2d 980. This Court remanded the matter to the trial court for re-sentencing. Id.
The trial court again sentenced defendant on March 22, 2002. The trial court sentenced defendant to imprisonment at hard labor for 99 years on Count 1, 30 years on Count 2, 40 years on Count 3, and 40 years on Count 5. The trial court further ordered that these sentences, totaling 209 years, run consecutively and without benefit of parole, probation or suspension of sentence. Defendant orally objected to the sentences as being constitutionally excessive. Thereafter, he filed a motion to reconsider sentence and motion for appeal. Both motions were denied by the trial court. This Court granted defendant's writ regarding denial of the motion for appeal and remanded the matter to the trial court. The trial court then granted defendant's motion for appeal.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant argues that the trial court deprived him of his due process rights by not granting a motion for continuance of the sentencing hearing so that defendant could present evidence at his sentencing hearing. He contends that he had no notice of the sentencing and his counsel was unprepared to adequately represent him and, in fact, was not even sure he represented defendant. Further, defendant contends that the trial judge was annoyed because the court's two previous sentences had been reversed since they were unconstitutional.
The trial court record reflects that the State followed its regular procedure by filing a petition and order for writ of habeas corpus. The trial judge then granted the petition and signed an order directing the warden of the Louisiana State Penitentiary in Angola, Louisiana to produce the defendant for re-sentencing on March 22, 2002. The record reflects that the order was faxed to the penitentiary on March 4, 2002. Therefore, defendant received notice of the re-sentencing hearing in this matter.
At the re-sentencing hearing, defense counsel, John Benz, stated to the Court that he was not sure he represented defendant because at the trial defendant represented himself. Defense counsel went on to object and orally ask for a continuance since the defendant claimed he had no notice of the sentencing and wanted to have his family present to testify on his behalf. The trial court overruled the objection and sentenced defendant.
LSA C.Cr.P. art. 707 provides as follows:
A motion for continuance shall be in writing and shall allege specifically the grounds upon which it is based and, when made by a defendant, must be verified by his affidavit or that of his counsel. It shall be filed at least seven days prior to the commencement of trial.
Upon written motion at any time and after contradictory hearing, the court may grant a continuance, but only upon a showing that such motion is in the interest of justice.
*401 Although the continuance in this case did not involve a trial, we find LSA C.Cr.P. art. 707 still applies. Defendant failed to follow the procedure set forth in LSA C.Cr.P. art. 707. He did not file a written motion at least seven days before the hearing and he failed to allege specific grounds upon which the motion was based. In addition, Defendant has not shown specific prejudice resulting from the denial of his motion to continue. The state followed its regular procedure by filing the petition and writ of habeas corpus. The defendant was represented by an attorney at the re-sentencing and this attorney had assisted defendant when he represented himself at the trial. Further, defendant failed to make a proffer of the evidence he wished to introduce. He did not state the substance of the witnesses' testimony or how the testimony would have been favorable to his case. And finally, there is no legal authority to support defendant's right to present testimony at sentencing. Therefore, we find the trial court did not abuse its discretion in denying defendant's motion to continue the re-sentencing hearing.

ASSIGNMENT OF ERROR NUMBER TWO
The defendant next argues that his sentence of 209 years is constitutionally excessive because it is in excess of his natural life span and the trial court provided no specific justification and the crime resulted from a single crime spree. Defendant argues that the trial court failed to recognize mitigating circumstances and gave no reason or justification for the imposition of the maximum and consecutive sentences.
Defendant's first sentencing hearing was held on March 3, 2000 and the trial court sentenced defendant to 99 years on Count 1, 30 years on Count 2, 40 years on Count 3, 5 years on Count 4, and 40 years on Count 5. The trial court ordered that these sentences, totaling 214 years, be served consecutively and without benefit of parole, probation or suspension of sentence. Defendant appealed his convictions and these sentences and this Court reversed the conviction on Count 4 and vacated sentences on all Counts because they were constitutionally excessive. In its opinion, this Court stated "the trial court sentenced the defendant, without any particular justification other than that the crimes were violent, to the maximum sentence for each offense and then ordered that the sentences were to run consecutively, despite the fact that the crimes arose out of a singular transaction." State v. Lefeure, supra. This Court further found that the sentence "shocked its sense of justice, made no measurable contribution to acceptable goals of punishment, needlessly imposed pain and suffering, was grossly out of proportion to the gravity of the offense, and an abuse of the trial court's sentencing discretion". Id. This Court added that "in imposing the maximum sentences for each offense and ordering that the sentences were to run consecutively, the trial judge did not articulate any specific reasons for doing so, despite the fact that the law is well-settled that such sentences are reserved for the worst offenses and the worst offenders and specific reasons for justifying the imposition of such sentences must be expressly articulated." Id. This Court found that "neither defendant nor his offenses were the worst of the class". Finally, this Court concluded that "the imposition of maximum sentences for each of the four offenses, to run consecutively, which total 209 years without benefits, without articulated reasons or reasons evident from the record, is constitutionally excessive and must be vacated. Id.
At the final re-sentencing, which defendant now appeals, the trial court again sentenced defendant to the maximum sentence *402 for the four offenses, which totaled 209 years, without benefits and with the sentences on each count to run consecutively. No reasons were given by the trial court. This is the same sentence imposed the first time by the trial court for those four offenses.
A trial judge has wide discretion in the imposition of a sentence and a sentence will not be set aside absent a showing of manifest abuse of that discretion. Louisiana Constitution, Article 1, Section 20 prohibits the imposition of excessive punishment. A punishment is constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, needlessly imposes pain and suffering, or is grossly out of proportion to the gravity of the offense so as to shock our sense of justice. State v. Lobato, 603 So.2d 739 (La.1992). If a defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, concurrent sentences are recommended. LSA C.Cr.P. article 883. If the trial court elects to impose consecutive sentences for crimes arising out of a single transaction, the trial court must articulate particular justification for such a sentence. State v. Johnson, 97-867 (La.App. 5 Cir. 4/15/90), 711 So.2d 848, writ denied, 98-1293 (La.10/9/98), 726 So.2d 20.
As discussed above, this Court previously concluded that the crimes committed by the defendant arose out of a "singular transaction", and that "the imposition of maximum sentences for each of the four offenses, to run consecutively, which total 209 years without benefits, without articulated reasons or reasons evident from the record, is constitutionally excessive and must be vacated". State v. Lefeure, 778 So.2d at 756. During the third sentencing hearing, the trial judge did not articulate particular justification for the consecutive sentences he imposed, as is required when the crimes arise out of a single transaction. State v. Johnson, 711 So.2d 848.
Defendant's current sentence is identical to the sentence this Court found constitutionally excessive on defendant's first appeal in State v. Lefeure, supra. Therefore, we find that defendant's sentence is still constitutionally excessive. In addition, considering that the trial judge has imposed the same sentence already found constitutionally excessive by this Court, it appears that the trial court does not intend to alter the defendant's 209 year consecutive sentence. Therefore, based on our previous conclusion that these offenses arose out of a single transaction, we amend the defendant's sentence and order that defendant be sentenced to imprisonment at hard labor for 99 years on Count 1, 30 years on Count 2, 40 years on Count 3, and 40 years on Count 5, with the sentences on each count to run concurrently and without benefit of parole, probation or suspension of sentence.

ASSIGNMENT OF ERROR NUMBER THREE
Defendant argues that the trial court abused its discretion by increasing his sentence on Count 5, second degree kidnapping of Cox, from 10 to 40 years. Defendant further argues that no new information was sought or made available to the trial court which would justify an imposition of an additional 30 years. Defendant alleges that the increase in the sentence showed that the trial judge was being unnecessarily vindictive because he had been reversed twice by this Court. Defendant is correct that the trial judge increased his sentence on Count 5 from 10 years, imposed during the second sentencing, to 40 years, imposed during the third sentencing.
*403 Due process is not offended by all possibilities of increased punishment after appeal, only by those which involve "actual retaliatory motivation" or "pose a realistic likelihood of `vindictiveness'". State v. Williams, XXXX-XXXX (La.11/28/01), 800 So.2d 790.
In this case, the record reflects that the trial judge was not vindictive towards defendant. When defendant objected orally to the increase in his sentence, the trial judge stated, "The last time it was the same sentence. I read it off the last". The trial judge was apparently reading the sentence from the commitment for defendant's second sentencing which did state that the court had sentenced defendant to 40 years on Count 5. The trial judge believed he was sentencing defendant to the same sentence previously imposed and was unaware that he had actually sentenced defendant to 10 years on Count 5, as reflected in the transcript of defendant's second sentencing. It does not appear that the trial judge was being vindictive in sentencing defendant to 40 years on Count 5 because he sentenced defendant to 40 years on Count 5 at the first sentencing hearing. Therefore, we find that the trial court did not err by increasing defendant's sentence on Count 5 from 10 to 40 years.

ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to LSA C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals one error patent in this case.
The trial court did not inform defendant of the two year period in which to file an application for post-conviction relief. LSA C.Cr.P. art. 930.8 provides that a court shall not consider an application for post-conviction relief, including applications which seek an out-of-time appeal, if the application is filed more than two years after the judgment of the conviction and sentence has become final. Therefore, we instruct the district court to inform the defendant of the provisions of LSA C.Cr.P. art. 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of its opinion and to file written proof that defendant received notice in the record of the proceedings.
Therefore, for the above reasons, we amend the defendant's sentence and order that the sentences imposed on each Count run concurrently. As amended, the defendant's sentence is affirmed.
SENTENCE AMENDED, AND AS AMENDED, AFFIRMED.