924 So.2d 1120 (2006)
STATE of Louisiana
v.
Frank McCOIL.
No. 05-KA-658.
Court of Appeal of Louisiana, Fifth Circuit.
February 27, 2006.
*1121 Paul D. Connick, Jr. District Attorney, 24th Judicial District Parish of Jefferson, State of Louisiana, Terry M. Boudreaux, Andrea F. Long, Assistant District Attorneys/Appellate Counsel, Jacquelyn F. Maloney, Assistant District Attorney/Trial Counsel, Gretna, Louisiana, for Plaintiff/Appellee, the State of Louisiana.
Martin E. Regan, Jr., Karla M. Baker, Regan & Associates, P.L.C., Attorneys at Law, New Orleans, Louisiana, for Defendant/Appellant, Frank McCoil.
Panel composed of Judges JAMES L. CANNELLA, SUSAN M. CHEHARDY, and FREDERICKA HOMBERG WICKER.
SUSAN M. CHEHARDY, Judge.
Frank McCoil appeals his conviction of distribution of cocaine. We affirm, but remand for correction of a patent error.
On August 19, 2004, Frank McCoil was charged by bill of information with distribution of cocaine in violation of La.R.S. 40:967(A). He entered a plea of not guilty and filed several pre-trial motions, including motions to suppress evidence and identification, which were denied after a hearing.
Prior to trial on December 1, 2004, the defendant moved for a continuance, which the trial court denied. The defendant filed a writ application in this Court, challenging the trial court's denial of his continuance on the basis of an absent material witness. We denied the writ application, stating that counsel had been appointed two months earlier and there was "no showing that the material witness would be available if the case were deferred." State v. McCoil, No. 04-K-1385 (La.App. 5 Cir. 12/1/04) (unpublished decision).
In addition, the record shows that defense counsel advised the trial court, presumably after the writ ruling, that the material witness had been located. Defense counsel stated the witness was in federal custody and could be brought to court the next day on a writ of habeas corpus. The trial court agreed to select a jury and to delay trial until the next afternoon in an attempt to accommodate the defendant.
A twelve-member jury was selected and the defendant repeated his motion for a continuance several times that day, but each request was denied. The trial was to resume on the following day.
Before the trial could commence, however, the defendant withdrew his not guilty *1122 plea and entered a guilty plea under North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The sentencing was set for January 6, 2005. On that date the defendant moved orally for a continuance of the sentencing, which the trial court granted.
On the new sentencing date, February 17, 2005, the defendant moved for another continuance. The trial court denied a further continuance and, pursuant to the plea agreement, sentenced the defendant to two years without benefit of parole, probation, or suspension of sentence.

FACTS
Because the defendant pleaded guilty, these facts are taken from the suppression hearing.
On December 2, 2003, Detective Frank Caracci of the Jefferson Parish Sheriff's Office made an undercover purchase of cocaine from the defendant in the parking lot of Vinny's Sports Bar on Belle Chasse Highway in Gretna. The transaction had been prearranged. According to Detective Caracci, the defendant and a third person, Kim Baltazar, approached his vehicle at approximately 11:04 p.m. The defendant gave Detective Caracci seven off-white rock-like objects and Detective Caracci gave the defendant $100.00. The defendant stated the price was $120.00 and retrieved two of the seven rock-like objects after Detective Caracci indicated he only had $100.00.
Detective Caracci was later shown a photographic lineup at which time he identified the defendant as the person involved in the transaction.

ASSIGNMENT OF ERROR NUMBER ONE
In his first assignment the defendant asserts the trial court erred in denying his motion to continue trial.
The defendant sought a continuance in order to locate a material witness whose testimony allegedly could have exonerated him. He admits a continuance is within the trial court's discretion. He maintains the denial was prejudicial, however, because he was forced to plead guilty without being given the opportunity to find a crucial witness and would have been forced to go to trial without witnesses.
A guilty plea normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects by either appeal or post-conviction relief. State v. Raines, 00-1942 (La.App. 5 Cir. 5/30/01), 788 So.2d 630, 632. However, a defendant may be allowed appellate review if at the time he enters a guilty plea, he expressly reserves his right to appeal a specific adverse ruling in the case. State v. Crosby, 338 So.2d 584, 588 (La.1976); State v. Landry, 02-1242 (La.App. 5 Cir. 4/29/03), 845 So.2d 1233, 1236, writ denied, 03-1684 (La.12/19/03), 861 So.2d 556.
The "best interest" or Alford plea, which derives from the United States Supreme Court case, North Carolina v. Alford, supra, is one in which the defendant pleads guilty while maintaining his innocence. In that case, the United States Supreme Court ruled that a defendant may plead guilty, without foregoing his protestations of innocence, if "the plea represents a voluntary and intelligent choice among the alternative courses of action open to defendant[,] . . . especially where the defendant was represented by competent counsel whose advice was that the plea would be to the defendant's advantage." North Carolina v. Alford, supra, 400 U.S. at 31, 91 S.Ct. at 164.
In a case involving an Alford plea, the record must contain "strong evidence *1123 of actual guilt." Id., 400 U.S. at 38, 91 S.Ct. at 167. This Court has held that where a defendant pleads guilty under Alford, "constitutional due process requires that the record contain `strong evidence of actual guilt.'" State v. Villarreal, 99-827 (La.App. 5 Cir. 2/16/00), 759 So.2d 126, 129, writ denied, 00-1175 (La.3/16/01), 786 So.2d 745.
The trial judge failed to recite the specific evidence of the defendant's guilt during the plea colloquy, but stated, "The court is satisfied that there is a factual basis for the acceptance of the plea." The evidence presented at the hearing on the motion to suppress the identification demonstrated strong evidence of the defendant's actual guilt and, therefore, supported the defendant's Alford plea.
Because the defendant pleaded guilty under Alford, he waived all pre-plea rulings, including the motion to continue the trial. Accordingly, we find no merit to this assignment.

ASSIGNMENT OF ERROR NUMBER TWO
In his second assignment, the defendant asserts the trial court's refusal to continue sentencing was an abuse of discretion. The defendant argues the trial court erred in denying his request to continue sentencing in order to obtain additional exculpatory evidence from the State. He maintains he was sentenced despite the existence of exculpatory evidence and seeks to be allowed to withdraw his guilty plea so that he may conduct additional discovery.
The defendant entered his guilty plea under North Carolina v. Alford, supra, on December 2, 2004. The trial court granted the defendant's request to spend the holidays with his family and set sentencing for January 6, 2005. The January 6, 2005 sentencing also was continued at the defendant's request. The defendant was finally sentenced on February 17, 2005.
On that date, defense counsel again requested that sentencing be continued, because he was trying to obtain videotapes that allegedly exonerated defendant. Defense counsel argued that the videotapes involved Kim Baltazar and showed that the defendant was not with Baltazar on the night of the drug transaction.
The trial court denied the continuance, stating that the last time the matter was continued was on the basis defendant was waiting on some tapes that potentially exonerated defendant but ultimately did not.
We point out, first, the Code of Criminal Procedure requires that a motion for continuance shall be in writing, shall specifically allege the grounds upon which it is based, and shall be filed at least seven days prior to the commencement of trial. La.C.Cr.P. art. 707.
In State v. Lefeure, 02-592 (La.App. 5 Cir. 10/29/02), 831 So.2d 398, 400-401, writ granted in part, affirmed as amended, 02-2924 (La.10/3/03), 855 So.2d 291, this Court applied Article 770 to a motion to continue sentencing and found the trial court did not abuse its discretion in denying the motion where defendant failed to file a written motion seven days prior to the sentencing hearing. In Lefeure, as in this case, the defendant sought to continue the sentencing hearing so he could present evidence. We noted in Lefeure that the defendant had failed to show he was prejudiced by the denial of the motion to continue.
As in Lefeure, the defendant here failed to file a written motion to continue the sentence seven days prior to the sentencing hearing. The defendant had already obtained one continuance for sentencing prior to the date he was actually sentenced. The defendant also fails to show *1124 how he was prejudiced by the sentencing, since his guilty plea was entered two months earlier.
In the process of arguing for the continuance of sentencing, defense counsel stated, "There are other tapes out there and we need those tapes to present the matters to you with respect to the withdrawal of the plea, or change your mind with respect to the plea at this point." It is unclear whether defense counsel's comment constitutes an oral motion to withdraw the plea or that any such motion was ever presented to the trial court. Defendant never filed a written motion to withdraw his guilty plea and the trial court never ruled on a motion to withdraw the guilty plea.
A trial judge has the discretion to allow a guilty plea to be withdrawn at any time before sentencing. La.C.Cr.P. art. 559(A); State v. Gross, 95-621 (La.App. 5 Cir. 3/13/96), 673 So.2d 1058, 1059. Once a defendant has been sentenced, only those guilty pleas which are constitutionally infirm may be withdrawn by appeal or post-conviction relief. Id.
The Louisiana Supreme Court has held that a defendant's failure to make a formal motion to withdraw a guilty plea does not prohibit a constitutionally infirm guilty plea from being set aside either by means of appeal or post-conviction relief. State v. Dixon, 449 So.2d 463, 464 (La. 1984). A guilty plea is constitutionally infirm when it is not entered freely and voluntarily, if the Boykin colloquy was inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. Id.; State v. Lewis, 421 So.2d 224, 226 (La.1982).
On appeal, the defendant asks that his guilty plea be set aside so that he may "continue discovery in this case." The defendant never argues that his guilty plea should be set aside because it was constitutionally infirm.
The fact that exculpatory evidence may exist does not render a guilty plea constitutionally infirm. The record shows that defense counsel admitted he did not know what the sought-after tapes showed; rather, he could only indicate what he had been told by third parties as to the tapes' contents.
The defendant suggests he was forced to plead guilty and then was forced to go forward with sentencing, despite having presented exculpatory evidence. The record contains only the defendant's claim that he was in possession of a tape that exonerated him. It was never presented to the trial court or introduced into evidence.
Thus, there is no evidence in the record that would render defendant's guilty plea constitutionally infirm. The plea colloquy establishes that the defendant was advised of his rights to a jury trial, to remain silent, and to confront witnesses against him, and that he waived these rights. In addition, he was sentenced in accordance with the plea agreement.
Should the defendant discover exculpatory evidence that would vitiate the voluntariness of his plea, his remedy is in an application for post-conviction relief.

ERROR PATENT DISCUSSION
In reviewing the record for patent error, we note that the trial court failed to advise the defendant fully of the prescriptive period for filing an application for post-conviction relief. According to the transcript, the trial judge advised defendant that he had "two years to file for post conviction relief."
*1125 A proper advisal of the time limit for post-conviction relief must inform the defendant that the prescriptive period runs from the time his conviction and sentence become final. State v. George, 99-887 (La.App. 5 Cir. 1/4/00), 751 So.2d 973, 975. Although the commitment reflects that the notice stated that the prescriptive period runs from after judgment of conviction and sentence are final, when there is a discrepancy between the minutes and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983).
For the foregoing reasons, the conviction is affirmed. The case is remanded and the trial court is ordered to advise the defendant by written notice within 10 days of the rendition of this opinion that he has two years from the date his conviction and sentence become final to file an application for post-conviction relief, and then to file written proof in the record that defendant received the notice.
AFFIRMED AND REMANDED.