WALTER J. ROTHSCHILD, Judge.
 

 |2On October 29, 2007, defendant, Cary J. Reese Jr., was charged with First Degree Robbery, in violation of LSA-R.S. 14:64.1. He pled not guilty at arraignment. On April 8, 2008, defendant signed a Waiver of Constitutional Rights form, withdrew his not guilty plea, and entered a plea of guilty as charged. Defendant waived all sentencing delays and, in accordance with his plea agreement, was sentenced to twenty years imprisonment at hard labor, without benefit of parole, probation or suspension of sentence, to run concurrently with his sentence in case number 07-4288.
 
 [1]
 
 
 *1119
 
 Pursuant to the plea agreement, the State agreed not to file a multiple offender bill of information against defendant.
 

 On August 5, 2009, defendant filed a Motion for Out of Time Reconsideration of Sentence, asserting that his sentence is excessive. The trial court denied the motion on August 11, 2009. On September 18, 2009, the trial Rcourt granted defendant an out-of-time appeal. On January 11, 2010, appointed appellate counsel filed an Anders
 
 [2]
 
 brief containing no assignments of error but requesting a review of the record for errors patent on the face of the record. Appellate counsel also filed a motion in this Court to withdraw as counsel of record pursuant to the procedure in
 
 State v. Benjamin,
 
 573 So.2d 528, 530 (La. App. 4 Cir.1990). On February 12, 2010, defendant filed a supplemental
 
 pro se
 
 brief in this Court asserting one assignment of error.
 

 FACTS
 

 Because defendant entered a guilty plea without proceeding to trial, there are few facts in the record before us. The bill of information and the factual basis presented by the State during the guilty plea colloquy indicate that on August 30, 2007, defendant robbed Jill Thevenot while leading her to reasonably believe that he was armed with a dangerous weapon, in violation of LSA-R.S. 14:64.1.
 

 PROSE BRIEF
 

 In his supplemental
 
 pro se
 
 brief, defendant argues that the twenty year sentence imposed by the trial court is excessive. He contends that the circumstances of the crime did not warrant the imposition of such a severe penalty.
 

 In support of his assertion, defendant notes that he was armed only with a BB gun, and that he cooperated with police upon arrest. Defendant further asserts that he led a productive life prior to his arrest, that his incarceration causes great hardship on his wife and children, and that he expresses great remorse for his actions. Finally, he contends that the sentence imposed by the trial court has limited his ability to participate in a drug rehabilitation program during his incarceration.
 

 ^During the guilty plea colloquy, defendant was adviséd that the sentencing range for first degree robbery was three to forty years at hard labor in the custody of the Department of Corrections. He was also informed that he would be sentenced to twenty years at hard labor, without benefit of parole, probation, or suspension of sentence, to run concurrent with his sentence in case number 07-4288.
 

 Defendant’s twenty-year sentence falls within the sentencing range prescribed by statute. See LSA-R.S. 14:64.1(B). Moreover, defendant’s sentence was imposed pursuant to a plea agreement, defendant knew in advance what his sentence would be if he elected to plead guilty, and he indicated his understanding of the sentence both in court and on his waiver of rights form. Furthermore, LSA-C.Cr.P. art. 881.2 A(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement that was set forth in the record at the time of the plea.
 
 State v. Washington,
 
 05-211, p. 5 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173.
 

 Based on the record before us, along with the applicable law, we find no merit in defendant’s assertion that his twenty-year sentence is excessive.
 

 ANDERS BRIEF
 

 Under the procedure set forth in
 
 State v. Benjamin,
 
 573 So.2d 528, 530 (La.
 
 *1120
 
 App. 4 Cir.1990), appointed appellate counsel has filed an
 
 Anders
 
 brief pursuant to
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and
 
 State v. Jyles,
 
 96-2669, p. 3 (La.12/12/97), 704 So.2d 241, 242 (per curiam), asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal.
 
 [3]
 
 Accordingly, appointed counsel requests |5to withdraw as counsel of record. The State concurs with appellate counsel’s assessment that there are no non-frivolous issues for appeal.
 

 In
 
 Anders,
 
 the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it.
 
 [4]
 
 The request must be accompanied by “ ‘a brief referring to anything in the record that might arguably support the appeal’ ” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.”
 
 McCoy v. Court of Appeals of Wisconsin, Dist. 1,
 
 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
 

 In
 
 State v. Jyles,
 
 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an
 
 Anders
 
 brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an
 
 Anders
 
 brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.”
 
 Id.
 

 When conducting a review for compliance with
 
 Anders,
 
 an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous.
 
 State v. Bradford,
 
 95-929, p. 4 (La.App. 5 Cir. 6/25/96), 676 | (.So.2d 1108, 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel.
 
 Id.
 

 In the present case, defendant’s appellate counsel asserts that after a detailed review of the record, he can find no non-frivolous issues to raise on appeal. Counsel first notes that there are no pre-trial rulings from which to appeal. He further notes that defendant was fully informed of the legal consequences of entering a guilty plea, both by his attorney and by the trial court, prior to making a decision to change his plea from not guilty to guilty. Specifically, the trial court explained to defendant that by pleading guilty, he waived his con
 
 *1121
 
 stitutional right to a jury trial, to remain silent, to confront witnesses against him, and to compulsory process. Although standard discovery motions were filed, the trial record reflects that all motions were rendered moot as a result of defendant entering a guilty plea.
 

 With regard to defendant’s sentence, appellate counsel notes that the trial court carefully explained the specific sentence it would impose if defendant entered a guilty plea. The court expressly stated that defendant would be sentenced to twenty years at hard labor, without benefit of parole, probation or suspension of sentence, to run concurrently with his other sentence. Appellate counsel further notes that defendant acknowledged that he was waiving his right to appeal. Finally, appellate counsel asserts that defendant cannot seek review of his sentence because LSA-C.Cr.P. art. 881.2 prohibits a defendant from appealing or |7seeking review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.
 

 Appellate counsel also filed a motion to withdraw as attorney of record which states that he notified defendant of this motion and advised him of his right to file a
 
 pro
 
 se brief. Defendant filed a
 
 pro
 
 se supplemental brief in this Court on February 12, 2010.
 

 An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
 

 The bill of information properly charged defendant. As required, it plainly, concisely, and definitely states the essential facts constituting the offense charged, and cites the statute defendant violated. It also sufficiently identifies defendant and the crime charged. See LSA-C.Cr.P. arts. 464-66. Also, as reflected by the minute entries and commitment, defendant appeared at each stage of the proceedings, including his arraignment, guilty plea and sentencing.
 

 Further, defendant pled guilty as charged. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief.
 
 State v. WingeHer,
 
 05-697, p. 5 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief.
 
 State v. McCoil,
 
 05-658, p. 7 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin
 
 [5]
 
 colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept.
 
 Id.
 
 In such a case, the defendant has been denied due process of law in |sthat the plea was not given freely and knowingly.
 
 State v. Dixon,
 
 449 So.2d 463, 464 (La.1984).
 

 The record shows that defendant was aware he was pleading guilty to first degree robbery. On the waiver of rights form and during the colloquy with the trial court, defendant was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination. On the waiver of rights form, defendant initialed next to each of these rights and signed the form, indicating that he understood that he was waiving these rights by pleading guilty. During the colloquy with the trial court, defendant indicated that he understood that he was waiving these rights.
 

 
 *1122
 
 Defendant further indicated that he was satisfied with the representation of his attorney and that he had not been forced, coerced, or threatened to enter his guilty plea. He was also informed that his conviction could be used to enhance a penalty for any future conviction.
 

 Defendant was advised that he faced a possible sentencing range of three to forty years at hard labor on the first degree robbery charge. During the colloquy, defendant was told that he would be sentenced to twenty years at hard labor, without benefit of parole, probation or suspension of sentence, and that the sentence would run concurrently with his sentence in case number 07-4288. By signing the waiver of rights form, defendant also indicated that he understood the sentencing range for first degree robbery and that he would be sentenced to twenty years.
 

 Finally, as noted in our discussion pertaining to defendant’s
 
 pro se
 
 assignment of error, defendant’s sentence falls within the sentencing range set forth in LSA-R.S. 14:64.1(B) and does not present any non-frivolous issues for 19appeal. Based on the foregoing, the proceedings surrounding defendant’s guilty plea and sentence do not present any non-frivolous issues to be raised on appeal.
 

 We have reviewed the record for errors patent in accordance with LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975); and
 
 State v. Wetland,
 
 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals no errors patent in these proceedings.
 

 DECREE
 

 For the foregoing reasons, we find no merit in defendant’s
 
 pro se
 
 assignment of error raised in his supplemental brief. Further, because appellate counsel’s brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel’s assertion, we hereby grant appellate counsel’s motion to withdraw as attorney of record. The conviction and sentence of defendant, Cary J. Reese, Jr., are affirmed.
 

 AFFIRMED; MOTION TO WITHDRAW GRANTED.
 

 [1]
 

 . On the same date, in case number 07-4288, defendant pled guilty to possession of hydro-codone and was sentenced to five years im
 
 *1119
 
 prisonment at hard labor, to run concurrently with his sentence for first degree robbery.
 

 [2]
 

 .
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
 

 [4]
 

 . The United States Supreme Court most recently reaffirmed its position in
 
 Anders
 
 in
 
 Smith
 
 v.
 
 Robbins,
 
 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).
 

 [5]
 

 .
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).