MARION F. EDWARDS, Chief Judge.
12Pefendant/appellant, Brendan King (“King”), appeals his conviction and sentence on a charge of theft of a value of more than $500 in violation of La. R.S. 14:67. For the reasons that follow, we affirm.
King, who is a car mechanic by profession, was restoring a recently purchased car for Joyce LeBlanc (“Ms. LeBlanc”). During the restoration process, Ms. Le-Blanc allowed King to live in her home. Subsequently, Ms. LeBlanc received a call from her bank, notifying her that her account was overdrawn. Upon investigation, Ms. LeBlanc discovered that King had gained access to her checkbook and written several checks to “Cash” totaling $4,390. King forged Ms. LeBlanc’s signature and cashed the checks. King endorsed the checks using his driver’s license for identification.
After Ms. LeBlanc reported the theft, the St. John the Baptist Parish District Attorney’s Office filed a bill of information charging King with theft of $500 or more in violation of La. R.S. 14:67. On November 30, 2009, King pled guilty as charged, and the trial judge sentenced him to imprisonment at hard labor for five years that was suspended and deferred under La.C.Cr.P. art. 893. That article allows suspension and deferral of sentence and probation under certain [«¡circumstances. King was accepted into a drug court program on December 3, 2009.
On August 17, 2011, the trial judge revoked King’s drug court probation for lack of compliance with the conditions of the drug court probation and sentenced him to imprisonment at hard labor for five years, the original sentence imposed and deferred. King filed a timely motion for appeal on August 19, 2011 that was granted.
During the guilty plea colloquy, the trial judge stated that the factual circumstances indicated King stole eleven checks from an individual and named himself as the payee on those checks. When the trial judge *1031 asked King if those facts were correct, King answered affirmatively. The bill of information alleged that the offenses occurred on or between January 8 and February 1, 2009. Additionally, the waiver of rights form indicates that the amount stolen was $4,390.

LAW AND ANALYSIS

In brief to this Court, King asserts the trial court abused its discretion in failing to permit him to withdraw his guilty plea before sentencing. King argues that the trial judge erred by not allowing him to withdraw his guilty plea before imposing the five-year sentence. He asks this Court to vacate his sentence or, alternatively, to conditionally vacate his sentence and remand the matter so the trial court can conduct an evidentiary hearing to determine whether the plea bargain ought to be enforced or whether he ought to be provided with an opportunity to withdraw his guilty plea.
King does not assign any error regarding the revocation of the drug court probation or suggest that he complete the program. His arguments are restricted to |4the issue of whether, after the revocation, he should have been allowed to withdraw his guilty plea.
At the drug court revocation hearing, the prosecutor said there had been some conversation at sidebar at the last court hearing regarding King’s understanding of whether he had pled into the drug court program. The prosecutor produced the transcript of King’s plea and argued that it clearly showed it was a drug court plea.
Defense counsel responded that the issue was whether or not King had the ability and the right to file a motion to withdraw the guilty plea based on the fact that he originally agreed to a one-year drug court program, but that was not what was assigned or imposed upon him. The prosecutor countered that it was a two-year drug court program. The prosecutor noted that, on the conditions of drug court form, Judge Jasmine had crossed out the one-year and put two years.
Alternatively, the prosecutor argued that that issue was moot because King did not even last one year in the program. She additionally asserted that the minutes reflected that he had a thirty-day opt-out period to question anything. She stated that each minute entry indicated King was advised of the opt-out period and that he could have asked any questions, or questioned the time period for the drug court program during those thirty days. The prosecutor noted that King had signed the conditions of drug court form agreeing to the two years after Judge Jasmine crossed out the one year. Finally, the prosecutor asked the trial judge to sentence King to five years in the Department of Corrections since he was “revoked out of the drug court program.”
After hearing arguments of counsel and reviewing the transcript of the Boykin colloquy, the trial judge stated:
IsClearly, in my discussion with him, I’m mentioning Judge Jasmine many times. I’m mentioning drug court many times. I’m mentioning the fact that Judge Jasmine will actually take actions at drug court. And clearly there’s no, “Stop, Your Honor, I don’t think I’m worried about drug court here.”
So really, I’m agreeing with Ms. Din-vaut today, that I’m going to revoke and impose those first five years as originally contemplated in this Boykin. I know he differs in his appreciation of what the Boykin may or may not have contained, but here it is in black and white.
And so I see my way through to now sentencing him to those five years and not permitting him to take his plea away.... But at this point, based on *1032 what I’m hearing today and the argument and the condition of this Record, I am going to impose the original suspended term of five years giving him credit for all time served.
If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief.[1] Additionally, once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief.[2] A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin[3] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept.[4]
Although King did not file a motion to withdraw his guilty plea in the district court, he is not prohibited from challenging a constitutionally infirm guilty plea either by means of appeal or post-conviction relief.[5]
The record shows that, on November 30, 2009, the prosecutor informed the trial judge that King wanted to plead guilty “pursuant to going into the drug program.” The trial judge then engaged in a colloquy with King where he advised King of his rights and ascertained that King understood them and wanted to waive | (¡them. The trial court explained that probation was the minimum and twelve years of imprisonment was the maximum sentence for the crime to which King was pleading guilty. King indicated his attorney had informed him of the possible sentencing range. The trial court informed King that his sentence was five years, suspended and deferred under the terms of La.C.Cr.P. art. 893. Afterward, the trial judge found that King knowingly, intelligently, freely, and voluntarily waived his rights, and then he accepted King’s plea.
The trial judge subsequently asked King, “You’re hoping to get into adult drug court?” King responded, ‘Tes, Your Hon- or.” The trial judge then stated that there were a number of conditions of probation that would be imposed by the drug court judge, Judge Jasmine. The trial judge also stated that he was going to ask Judge Jasmine to “complete sentencing in forms of probation and imposing the formal conditions of drug court probation.” The trial judge told King that if he successfully completed drug court, his case would “go away.”
On December 3, 2009, King appeared before Judge Jasmine. The judge confirmed that King was there to be placed on probation and advised of the conditions of probation. Before conditions of probation were imposed, Judge Jasmine asked King if he had any questions, and he said, “No, ma’am.” Judge Jasmine then advised King of the conditions of probation. Afterward, she advised King of the drug court conditions.
Judge Jasmine stated that King must enter the Intensive Drug Court Program. When she asked if that was for one or two years, the prosecutor responded that it was for two years. Judge Jasmine said,
*1033 “It says two but this says one. So I’m making this two, a minimum period of two years, and successfully complete the program.” She advised King that, at any time within thirty days of the taking of the plea, King, the judge, or the State could rescind this agreement, at |7which time King would withdraw from the drug court program, withdraw his plea, and return to the regular criminal trial docket. King indicated he understood. Judge Jasmine asked King if he understood all the conditions she had just read, and King said, “Yes, ma’am.” She asked King if he had any questions about any of them, and he said, “No.” When Judge Jasmine asked defense counsel if he was satisfied that King understood, defense counsel replied, “Yes, Judge.” Afterward, Judge Jasmine welcomed King to drug court.
The waiver of rights form and the Boykin colloquy adequately show that King was informed of his rights and the consequences of his plea, and that the plea was entered into freely and voluntarily. Also, King was sentenced in conformity with the plea agreement, which called for a five-year sentence that would be suspended and deferred under La.C.Cr.P. art. 893.
Additionally, there is nothing in the record to indicate that King was induced to enter the plea by a plea bargain, or what he justifiably believed was a plea bargain, and that bargain was not kept. The “Conditions of Drug Court Probation” form shows that King agreed to enter the drug court program for a minimum period of two years. Although the form provided for a one-year period, the “one” was crossed out, and the number “two” was written above it. Judge Jasmine also advised King during the colloquy that the drug court probation program was for two years. Further, the form shows that King agreed that, in the event he failed to complete the program, his drug court probation would be revoked, and he would be sentenced in accordance with the plea agreement. Also, the prosecutor asserted, without contradiction, that King did not comply with the drug court program for even one year.
Moreover, the Drug Court form provided that, at any time within thirty days of the taking of the plea, King, the court, or the State could rescind the plea |sagreement, at which time King would withdraw from the drug court program, withdraw his plea, and return to the regular criminal docket. The “Conditions of Drug Court Probation” form was signed by King indicating that he understood the conditions of drug court probation and agreed to them. That form was also signed by King’s attorney indicating that he read and explained the conditions of probation to King. Judge Jasmine gave King the opportunity to ask questions regarding the drug court probation program, but he had none.
Under the circumstances of this case, we do not find the trial court erred in refusing to allow King to withdraw his guilty plea.

ERRORS PATENT

The record was reviewed for errors patent.[6] In that review, we find that the transcript shows the trial judge correctly advised King that he had “two years to file an application for post-conviction relief after the trajectory of the sentencing and conviction become final.” However, the minute entry reflects that King was advised he had “2 yrs. to file Post Conviction relief after this sentence becomes final.” The transcript prevails.[7] Accordingly, we remand this matter to the trial court with *1034 instructions to amend and correct the minute entry to conform to the transcript.

AFFIRMED AND REMANDED WITH INSTRUCTIONS

. State v. Wingerter, 05-697 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664.

. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. McCoil, supra, at 1124.

. Id.

. La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975).

. State v. Lynch, 441 So.2d 732, 734 (La.1983).