MARION F. EDWARDS, Chief Judge.
|gThe defendant/appellant, Dennis Pierce (“Pierce”), has appealed his conviction and sentence for five counts of armed robbery while armed with a firearm. We affirm.
On October 28, 2010, Pierce was charged in a bill of information by the Jefferson Parish District Attorney with five counts of armed robbery while armed with a firearm, in violation of La. R.S. 14:64 and 14:64.3. Pierce pled not guilty to all counts at his arraignment. Pursuant to his Motion to Appoint Sanity Commission to Determine Defendant’s Competency to Stand Trial, a hearing was held on February 23, 2011, at which time Pierce stipulated to the substance and contents of the examiner’s report, and the trial court found him competent to stand trial. Subsequently, Pierce withdrew his not guilty plea and pled guilty as charged. After waiving sentencing delays, he was sentenced on all five counts to fifteen years of imprisonment at hard labor, to be served concurrently with one another. Additionally, pursuant to La. R.S. 14:64.3, the trial court further sentenced Pierce |ato five years of imprisonment at hard labor on each of the five counts, to be served concurrently with one another, but consecutively to the original fifteen-year concurrent sentences, for a total of twenty years of imprisonment. Pierce was given credit for time served.
On August 30, 2011, Pierce filed an application for post-conviction relief, alleging insufficient evidence, and ineffective assistance of counsel, which application was denied by the trial court. On October 19, 2011, he filed a second application for post-conviction relief and out-of-time appeal, alleging his guilty plea was constitutionally infirm, and an ineffective assistance of counsel claim. On January 3, 2012, the trial court granted Pierce’s motion for an out-of-time appeal. The instant appeal follows.
Since Pierce pled guilty, the facts surrounding the offenses were not fully developed at trial; however, during the guilty plea colloquy, the State provided a factual basis for his pleas. The State alleged that it would prove beyond a reasonable doubt *1060 that, on September 1, 2010, Pierce committed five armed robberies with a firearm, namely a revolver, in violation of La. R.S. 14:64 and 14:64.3. The victims in the armed robberies were identified as Hector Zuniga, Adrian Rodriguez, Theodore Flores, Francisco Vasquez, and Agustín Izaguirre.
Appellate counsel has filed an Anders brief and a motion to withdraw as attorney of record. She further asserts that she has notified Pierce of the filing of her motion and advised him of his right to file a pro se brief in this appeal.
Appellate counsel’s Anders brief was filed in conformity with the procedures approved by the United States Supreme Court in that case, asserting that appellate counsel has reviewed the record and that it contains no non-frivolous |4issues that may be raised on appeal.[1] In Anders, the United States Supreme Court stated that “if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw.” The An-ders requirements were adopted by this Court[2] and later expanded by the Louisiana Supreme Court.[3] Under the applicable cases, appellate counsel must not only review the procedural history of the case and the evidence presented at trial, but his brief must contain “a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.”[4] According to Jyles, an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” When conducting a review for compliance with An-ders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous.[5] If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence.
If the Anders brief simply states that there are no non-frivolous issues, without some discussion, and only requests a review for errors patent, it is |r,ordinarily disallowed. After independent review, if the appellate court finds an arguable legal point on the merits, it may either deny appellate counsel’s motion to withdraw and order him to file a brief arguing that point, or it may grant the motion to withdraw and appoint substitute counsel.[6]
This Court sent Pierce a letter by certified mail informing him that an Anders brief had been filed and that he had until May 12, 2012 to file a pro se supplemental brief. On April 17, 2012, Pierce filed a Motion to File a Supplemental Pro-Se Brief. We granted Pierce’s pro se motion *1061 and extended his deadline to file a pro se supplemental brief to May 18, 2012. As of the date of this opinion, Pierce has not filed his brief.
Pierce’s appellate counsel asserts that, after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. She contends that Pierce was fully informed of the legal consequences of changing his plea by both his trial counsel as well as the trial court. She asserts that the plea colloquy reveals that the trial court explained each of the rights necessary to ensure a knowing and intelligent waiver of rights, including his right to a trial by jury, to remain silent, and to confront witnesses. She contends that Pierce was advised of the statutory range of the penalty for his offenses and as to the sentence that would be imposed if his plea was accepted. She further notes that Pierce was sentenced in accordance with the plea agreement, noting that he did not object or move for reconsideration. Counsel asserts that Pierce is restricted by law from appealing his sentence, citing La. C.Cr.P. art. 881.2. Nevertheless, counsel requests that any errors patent be listed as assignments of error for purposes of this appeal. She further requests that this Court grant her motion to withdraw as counsel of record.
IfiAn independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
The bill of information in this case properly charged Pierce and, as required, plainly, concisely, and definitely states the essential facts constituting the offense charged. It also sufficiently identifies Pierce and the crime charged.
As reflected by the minute entries and commitment, Pierce appeared at each stage of the proceedings against him. He attended his arraignment, his guilty plea, and his sentencing. Further, he pled guilty as charged. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief.[7]
Pierce filed several pre-trial motions, including motions to suppress, which do not appear to have been ruled upon prior to when he pled guilty. When a defendant does not object to the trial court’s failure to hear or rule on a pre-trial motion prior to pleading guilty, the motion is considered waived.[8] There were no rulings to preserve for appeal under the holding in State v. Crosby,[9]
Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief.[10] A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin[11] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is |7not kept.[12] In such a case, the defendant has been denied due process of law in that the plea was not given freely and knowingly.[13]
*1062 The record shows that Pierce was aware he was pleading guilty to five counts of armed robbery with a firearm. He was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination, both in the colloquy with the trial judge and by means of the waiver of rights form. Pierce indicated that he understood that he was waiving these rights. The trial judge indicated that he was accepting Pierce’s plea as knowingly, intelligently, freely, and voluntarily made.
Pierce stated that he had not been forced, coerced, or threatened to enter his guilty plea, and he was also informed that, by pleading guilty to this felony, his guilty plea could be used to enhance a penalty for any future felony conviction should he be convicted of another felony in the future. Pierce further admitted that he did, in fact, commit the crimes charged.
Pierce was also advised during the colloquy, and by means of the waiver of rights form, that he faced a maximum possible penalty of ninety-nine years plus five years for the firearm enhancement, without the benefit of probation, parole or suspension of sentence. Further, by means of the form and during the colloquy, Pierce was informed of what his sentence would be if his guilty plea was accepted by the court. The waiver of rights form, signed and initialed by Pierce, as well as by his counsel and the judge, also shows that he understood the possible consequences of pleading guilty and wished to plead guilty.
Pierce’s sentence presents no issues for appeal. It falls within the sentencing range prescribed by statute and, further, was imposed pursuant to a plea agreement. La.C.Cr.P. art. 881.2(A)(2) pre-eludes a defendant from seeking review of his | ^sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea.[14]
For the above reasons, we affirm Pierce’s conviction and sentence and grant appellate counsel’s motion to withdraw as attorney of record. We have reviewed the record for errors patent and find none that require correction.

AFFIRMED; MOTION TO WITHDRAW GRANTED

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. See, State v. Bradford, 95-929, p. 3 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.

. State v. Jyles, 96-2669, p. 3 (La. 12/12/97), 704 So.2d 241, 242 (per curiam).

. Id.

. State v. Bradford, supra.

. Id.

. State v. Wingerter, 05-697, p. 5 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664.

. See, State v. Corzo, 04-791, p. 2 (La.App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102.

. 338 So.2d 584 (La. 1976).

. State v. McCoil, 05-658, p. 7 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. State v. McCoil, supra.

. State v. Dixon, 449 So.2d 463, 464 (La.1984).

. State v. Washington, 05-211, p. 5 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173.