LILJEBERG, J.
Defendant appeals his conviction and sentence for aggravated flight from an officer. For the following reasons, we affirm defendant's conviction and sentence. We also grant appellate counsel's motion to withdraw as counsel of record.
PROCEDURAL HISTORY
On July 6, 2017, the Jefferson Parish District Attorney filed a bill of information charging defendant, Osman Espinoza, with one count of aggravated flight from an officer, in violation of La. R.S. 14:108.1. Defendant pleaded not guilty at his arraignment.
*863 On September 20, 2017, defendant withdrew his plea of not guilty, and after being advised of his Boykin[1] rights, pleaded guilty as charged. In accordance with the plea agreement, defendant was sentenced to a three-year suspended sentence in the Department of Corrections, two years of active probation, and a five hundred dollar fine. Defendant was further ordered to comply with the felony conditions of probation as set forth on the probation form executed by defendant and ordered "to be assessed and complete all classes and programs recommended by the probation department."
On October 19, 2017, defendant filed a motion to withdraw his guilty plea, alleging that he "did not understand that he would be arrested by immigration officials when he showed up for probation." That same day, defendant also filed a motion for appeal. On October 25, 2017, the trial court denied defendant's motion to withdraw his guilty plea and granted his motion for appeal.
FACTS
Because defendant pleaded guilty, the facts of this case were not fully developed at a trial. The facts were gleaned from the bill of information which provides that on April 8, 2017, defendant "violated La. R.S. 14:108.1 in that he did willfully and unlawfully refuse to bring a vehicle to a stop knowing that he has been given a visual and audible signal to stop by a police officer, namely one Deputy B. Jenkins of the Jefferson Parish Sheriff's Office."
LAW AND DISCUSSION
Pursuant to the procedure adopted by this Court in State v. Bradford , 95-929, pp. 3-4 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[2] appointed appellate counsel has filed a brief asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam), appointed counsel requests permission to withdraw as counsel of record.
In Anders , supra , the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it. The request must be accompanied by " 'a brief referring to anything in the record that might arguably support the appeal' " so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." McCoy v. Court of Appeals of Wisconsin, Dist. 1 , 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In Jyles , 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel "has *864 cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." Id.
When conducting a review for compliance with Anders , an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford , 95-929, at 4, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
In the present case, defendant's appellate counsel asserts that after a detailed review of the record, he could find no non-frivolous issues to raise on appeal. He notes that defendant entered an unqualified guilty plea, thereby waiving all non-jurisdictional defects. Appellate counsel maintains that while defendant filed a motion to withdraw his guilty plea on the basis that he "did not understand he would be arrested by immigration officials when he showed up for probation," the record reflects defendant was fully advised by the court and via the waiver of rights form that his guilty plea could have serious immigration consequences, including deportation. Finally, appellate counsel asserts that defendant was informed of the sentence that would be imposed and the trial court imposed the agreed upon sentence, precluding defendant from challenging his sentence on appeal. The State has filed a brief in this case, concurring in appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal.
Appellate counsel has filed a motion to withdraw as attorney of record in which he states that he believes the appeal is wholly frivolous, as explained in his accompanying brief, and that he has sent notice to defendant of his right to file a pro se brief in this appeal. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until December 22, 2017, to file a pro se supplemental brief. However, defendant has not filed a pro se brief in this matter.
An independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal.
As reflected by the minute entries and commitment, defendant appeared at each stage of the proceedings against him, including his arraignment, his guilty plea proceeding, and his sentencing. As such, defendant's presence does not present any issues that would support an appeal. Also, the bill of information sufficiently identified defendant and the crime charged, per La. C.Cr.P. arts. 464 - 466.[3]
Defendant pleaded guilty in this case. Generally, when a defendant pleads guilty, he waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief.
*865 State v. Wingerter , 05-697 (La. App. 5 Cir. 3/14/06), 926 So.2d 662, 664. In this case, defendant entered an unqualified guilty plea, and therefore, all non-jurisdictional defects were waived. Further, no rulings were preserved for appeal under the holding in State v. Crosby , 338 So.2d 584 (La. 1976).
Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil , 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. Id.
A review of the record reveals no constitutional infirmity in defendant's guilty plea. During the plea colloquy, defendant informed the court that he had completed high school, could read and write the English language, and had completed and signed the waiver of rights form, which he had reviewed with his attorney. The record shows defendant was aware he was pleading guilty to one count of aggravated flight from an officer, and he admitted that he was pleading guilty because he was, in fact, guilty. Defendant was also properly advised of his Boykin rights by the trial court and via the waiver of rights form. Defendant signed the waiver of rights form, indicating that he understood he was waiving these rights by pleading guilty.
Defendant was also informed that his guilty plea could be used to enhance a penalty for any future conviction. Defendant indicated that he understood the possible legal consequences of pleading guilty and confirmed that he had not been forced into entering his guilty plea. Further, defendant was informed during the colloquy, and by means of the waiver of rights form, of the sentencing range for the offense of aggravated flight from an officer as well as the actual penalty that would be imposed upon acceptance of his guilty plea.
Moreover, during the colloquy, after questioning by the trial court, defendant indicated that he was not a United States citizen but rather a citizen of Honduras. Accordingly, the trial court asked defendant whether he understood that because he was not a United States citizen, the entering of his plea "could have serious immigration consequences including but not limited to deportation." Defendant stated that he understood these consequences and wished to plead guilty. Additionally, the guilty plea form executed by defendant, his attorney, and the court also set forth the immigration warning verbally provided by the trial court.[4] After his colloquy with defendant, the trial judge accepted defendant's guilty plea as knowingly, intelligently, freely, and voluntarily made.
Lastly, defendant's sentence does not present an issue for appeal. His sentence falls within the sentencing range prescribed by the statute. See La. R.S. 14:108.1(E)(1). Further, defendant's sentence was imposed pursuant to, and in conformity with, the plea agreement. La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. State v. Moore , 06-875 (La. App. 5 Cir. 4/11/07), 958 So.2d 36, 46 ;
*866 State v. Washington , 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173.
Because appellate counsel's brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel's assertion, we grant appellate counsel's motion to withdraw as attorney of record.
ERRORS PATENT
The record was reviewed for errors patent, according to La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) ; and State v. Weiland , 556 So.2d 175 (La. App. 5 Cir. 1990). Our review did not reveal any errors requiring corrective action.
DECREE
For the foregoing reasons, we affirm defendant's conviction and sentence. We also grant appellate counsel's motion to withdraw as counsel of record.
AFFIRMED; MOTION TO WITHDRAW GRANTED

Boykin v. Alabama , 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

In Bradford , supra , this Court adopted the procedures outlined in State v. Benjamin , 573 So.2d 528, 530 (La. App. 4 Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton , 95-0981 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam).

Defendant was charged with having violated La. R.S. 14:108.1. Although the bill of information does not include a subsection of La. R.S. 14:108.1, the bill of information classifies defendant's crime as a class two felony and the record shows that defendant was aware he was pleading guilty to one count of aggravated flight from an officer.

In Padilla v. Kentucky , 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), a case involving post-conviction relief proceedings, the Padilla court held that defense counsel engaged in deficient performance by failing to advise defendant that his plea of guilty made him subject to deportation.