WALTER J. ROTHSCHILD, Judge.
 

 IsDefendant, Darnell Junior, was charged by bill of indictment with second degree murder in violation of LSA-R.S. 14:3o.!.
 
 [1]
 
 Defendant pled not guilty at arraignment. Defendant’s motions to suppress identification, evidence, and statements, including a verbal statement, were denied by the trial court. The court granted defendant’s motion to sever.
 

 Thereafter, pursuant to a reduction of the charge to manslaughter in violation of LSA-R.S. 14:31, defendant withdrew his not guilty plea, entered a plea of guilty as charged, and signed an Acknowledgement of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty. Defendant waived all sentencing delays and, in accordance with his plea agreement, was sentenced to 20 years imprisonment at hard labor, with credit for time served.
 

 This appeal followed.
 
 [2]
 

 \ .FACTS
 

 Because defendant entered a guilty plea without proceeding to trial, the facts of this case are taken from the bill of information and the State’s recitation of the factual basis for defendant’s guilty plea at the Plea and Sentencing Hearing. On January 4, 2007, defendant, acting as a principal in the perpetration of an attempted armed robbery, killed Moneir Gindy.
 

 ANDERS BRIEF
 

 Under the procedure set forth in
 
 State v. Benjamin,
 
 573 So.2d 528, 530 (La.App. 4 Cir.1990),
 
 [3]
 
 appointed appellate counsel has filed an
 
 Anders
 
 brief pursuant to
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and
 
 State v. Jyles,
 
 96-2669, p. 3 (La.12/12/97), 704 So.2d 241, 242 (per curiam), asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record. The State concurs with appellate counsel’s assessment that there are no non-frivolous issues for appeal.
 

 DISCUSSION
 

 In
 
 Anders,
 
 the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination
 
 *143
 
 of it.
 
 [4]
 
 The request must be accompanied by “a brief referring to anything in the record that might arguably support the appeal” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support |stheir clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.”
 
 McCoy v. Court of Appeals of Wisconsin, Dist. 1,
 
 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
 

 In
 
 State v. Jyles,
 
 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated "that an
 
 Anders
 
 brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an
 
 Anders
 
 brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.”
 
 State v. Jyles, supra.
 

 When conducting a review for compliance with
 
 Anders,
 
 an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous.
 
 State v. Bradford,
 
 95-929, p. 4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel.
 
 Id.
 

 Defendant’s appellate counsel asserts that after a detailed review of the record, she can find no non-frivolous issues to raise on appeal. Counsel first notes | fithat, with regard to the July 17, 2007 denial of defendant’s motions to suppress, defendant did not reserve his right to appeal the adverse rulings at the time he entered his guilty plea. Counsel further notes that defendant was informed of the legal consequences of entering a guilty plea, both by his trial attorney and by the district court, prior to making a decision to change his plea from not guilty to guilty. Specifically, counsel asserts that her examination of the plea colloquy reveals that the district court explained to defendant, and ascertained that he understood, the rights he would be waiving by pleading guilty. The district court explained to defendant that he had the constitutional right to a jury trial, the right against self-incrimination, and the right to confront witnesses. Counsel further notes that the record evidences that the trial court inquired regarding defendant’s age and level of education, and that the court advised defendant that he should ask questions if he had any. The trial court explained that the decision to plead guilty was defendant’s decision alone, and inquired whether he was entering the plea of his own volition. Finally, counsel notes that the State provided a factual basis for its charges against defendant.
 

 With regard to defendant’s sentence, appellate counsel notes that the district court explained the penalty for manslaughter,
 
 *144
 
 and informed defendant that his plea exposed him to greater penalties as a habitual offender should he be convicted again in the future. Counsel further notes that the trial court carefully explained the specific sentence it would impose (i.e., twenty years at hard labor) if defendant entered a guilty plea. Appellate counsel further contends that the trial court subsequently imposed the sentence agreed upon, and that defendant did not object to the sentence or move for reconsideration. Finally, counsel asserts that defendant is restricted by law from seeking review of his sentence because LSA-C.Cr.P. art. 881.2 prohibits a defendant from appealing or seeking review of a sentence |7imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.
 

 Appellate counsel has filed a motion to withdraw as attorney of record which states that she notified defendant of the filing of this motion and advised him of his right to file a pro se brief in this appeal. Additionally, this Court sent defendant a letter by certified mail informing him that an
 
 Anders
 
 brief had been filed and that he had until August 18, 2010 to file a pro se supplemental brief. On August 12, 2010, defendant was granted an extension until September 9, 2010, to file a pro se supplemental brief. Defendant filed a pro se supplemental brief in this matter on September 7, 2010. The State requested and was granted leave to file an opposition to defendant’s pro se brief. The State filed a brief on September 21, 2010.
 

 In the response to appellate counsel’s brief, the State noted that the brief showed a conscientious and thorough review and recitation of the procedural history of the case. The State contends that counsel has “cast an advocate’s eye” over the record and determined that there were no significant non-frivolous issues upon which to base an appeal. The State reiterates that defendant did not preserve his right to appeal any adverse motion rulings at the time of his guilty plea, and that defendant initialed and signed an acknowl-edgement of constitutional rights and waived those rights, including the right to appeal. Finally, the State argues that defendant’s sentence was not constitutionally excessive. The State asserts that appellate counsel’s request to withdraw should be granted, and requests that this Court affirm defendant’s conviction and sentence.
 

 An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
 

 | sWe find that the bill of information in this case properly charged defendant and presents no non-frivolous issues supporting an appeal. As required, it plainly, concisely, and definitely states the essential facts constituting the offense charged, and cites the statute defendant violated. It also sufficiently identifies defendant and the crime charged.
 
 See
 
 generally LSA-C.Cr.P. arts. 464-66.
 

 As reflected by the minute entries and commitment, defendant appeared at each stage of the proceedings against him. He appeared at his arraignment, guilty plea and sentencing. As such, defendant’s presence does not present any issues which would support an appeal.
 

 Further, defendant pled guilty as charged. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief.
 
 State v. Wingerter,
 
 05-697, pp. 5-6 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 665.
 

 Additionally, once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn
 
 *145
 
 by appeal or post-conviction relief.
 
 State v. McCoil,
 
 05-658, p. 7 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the
 
 Boy-kin
 

 [5]
 

 colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept.
 
 Id.
 
 In such a case, the defendant has been denied due process of law in that the plea was not given freely and knowingly.
 
 State v. Dixon,
 
 449 So.2d 463, 464 (La. 1984).
 

 The record shows that defendant was aware he was pleading guilty to manslaughter. He was advised of his right to a jury trial, his right to confrontation, |9and his privilege against self-incrimination, as required by
 
 Boykin.
 
 Defendant was advised of these rights by means of the Acknowledgement of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty form (waiver of rights form). In the waiver of rights form, Defendant initialed next to each of these rights and signed the form, indicating that he understood that he was waiving these rights by pleading guilty. Defendant was also advised of these rights during the colloquy with the trial court. Defendant indicated during the colloquy that he understood that he was waiving these rights.
 

 Defendant further indicated that he had not been forced, coerced, or threatened to enter his guilty plea. He was also informed that his conviction could be used to enhance a penalty for any future conviction.
 

 Defendant was advised that, if he pled guilty to manslaughter, he faced a possible sentencing range of zero to forty years at hard labor. Defendant was informed during the colloquy that he would be sentenced to twenty years at hard labor, with credit for time served. In the waiver of rights form, defendant also indicated that he understood he would be sentenced to 20 years at hard labor in the Department of Corrections and signed the form, indicating that he understood both the sentencing range and his specific sentence.
 

 Finally, defendant’s sentence does not appear to present an issue for appeal. Defendant’s sentence falls within the sentencing range prescribed by statute.
 
 See
 
 LSA-R.S. 14:31(B). Further, LSA-C.Cr.P. art. 881.2 A(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.
 
 State v. Washington,
 
 05-211, p. 5 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. As noted above, defendant was informed that he would receive a 20 year sentence prior to entering his guilty plea. He indicated his understanding of the sentence, both in court and |10on his waiver of rights form. Based on the foregoing, the proceedings surrounding defendant’s guilty plea and sentence do not present any non-frivolous issues which may be raised on appeal.
 

 PRO SE ASSIGNMENT OF ERROR
 

 THE TRIAL COURT ERRED IN IMPOSING AN EXCESSIVE SENTENCE.
 
 DISCUSSION
 

 Defendant asserts in his brief that the 20 year sentence imposed by the trial court is excessive. Defendant contends that the circumstances of the crime did not warrant the imposition of a stiff penalty. In support of his assertion, defendant contends that he was an accessory to the robbery and murder and that, after confronted by the police, he provided a statement to the police. Defendant asserts that he was 16-years-old at the time of the
 
 *146
 
 incident, with no prior arrests and a promising future ahead of him. Defendant contends that he led a productive life prior to his arrest and expresses great remorse for his actions. Defendant further asserts that the sentence imposed by the trial court has limited his ability to participate in rehabilitation programs during his incarceration. Finally, defendant contends that his incarceration will cause great hardship on his family.
 

 The State responds that defendant’s claim should be procedurally barred by LSA-C.Cr.P. art. 881.2 because his sentence was imposed pursuant to a plea agreement. The State further asserts that a 20-year sentence for manslaughter in the instant case is not excessive because defendant was sentenced to half of the statutory maximum sentence and because similar sentences have been upheld in similar cases.
 

 As noted above, defendant’s sentence falls within the sentencing range proscribed by statute.
 
 See
 
 LSA-R.S. 14:31(B). Moreover, defendant’s sentence | nwas imposed pursuant to a plea agreement, and defendant knew in advance what his sentence would be if he elected to plead guilty. As previously discussed, LSA-C.Cr.P. art. 881.2 A(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.
 
 Washington,
 
 05-211 at 5, 916 So.2d at 1173. As such, we fail to find merit in this assignment of error.
 

 ERROR PATENT DISCUSSION
 

 The defendant requests an error patent review. However, this Court routinely reviews the record for errors patent in accordance with LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990) regardless of whether defendant makes such a request. The review reveals no errors patent in this case.
 

 CONCLUSION
 

 Because appellate counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and because an independent review of the record supports counsel’s assertion, defendant’s conviction and sentence are affirmed and appellate counsel’s motion to withdraw as attorney of record is hereby granted.
 

 CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED.
 

 [1]
 

 . By the same bill of information, co-defendant, David Page, was charged with second degree murder in violation of LSA-R.S. 14:30.1.
 

 [2]
 

 . Defendant was granted an out-of-time appeal on March 29, 2010.
 

 [3]
 

 .The procedure set forth in
 
 Benjamin
 
 for compliance with
 
 Anders
 
 was sanctioned by the Louisiana Supreme Court in
 
 State v. Mouton,
 
 95-0981, pp. 1-2 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in
 
 State v. Bradford,
 
 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.
 

 [4]
 

 . The United States Supreme Court most recently reaffirmed its position in
 
 Anders
 
 in
 
 Smith v. Robbins,
 
 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).
 

 [5]
 

 .
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).