MARC E. JOHNSON, Judge.
12Pefendant, Celeste A. Chelette, appeals her conviction of theft of over $500.00 from the 24th Judicial District Court, Division “B”. For the following reasons, the conviction and sentence are affirmed, and the motion to withdraw is granted.
FACTS[1] AND PROCEDURAL HISTORY
The facts of this matter are as follows. On or between July 22, 2007, and August 13, 2010, Defendant committed theft of $103,459.43 from Medical Plaza Hearing, L.L.C., Doctor Herbert Marks and/or Doctor Robert Brousse, located at 4228 Hou-ma Boulevard, # 110 in Metairie, Louisiana.
On July 22, 2011, the Jefferson Parish District Attorney filed a bill of information, charging Defendant with theft of U.S. currency valued at $74,783.76 in violation of LSA-R.S. 14:67. Defendant pleaded not guilty to this charge at her arraignment on August 26, 2011. On January 23, 2012, the State amended the bill |aof information to increase the value of the theft to $103,459.43. On this same date, Defendant withdrew her not guilty plea and pleaded guilty to theft of over $500.00. Also on January 23, 2012, Defendant filed a memorandum in support of leniency at sentencing. Thereafter, on February 10, 2012, Defendant was sentenced to five years imprisonment at hard labor with credit for time served. On this same date, Defendant filed a motion to reconsider sentence, which was denied. On February 17, 2012, Defendant filed a motion for ap *1255 peal, which was granted on February 27, 2012. The instant appeal followed.
ASSIGNMENTS OF ERROR
On appeal, Defendant requests a review of the record for errors patent. After review, Defendant asks this Court to reverse her conviction or set aside her sentence. Under the procedure set forth in State v. Benjamin, 573 So.2d 528, 530-31 (La.App. 4 Cir.1990),[2] appointed appellate counsel has filed an Anders brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La.12/12/97); 704 So.2d 241 (per curiam), asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record.
LAW AND ANALYSIS
In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it.[3] The request must be accompanied by “a brief referring to anything in the record that might arguably |4support the appeal,” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988) (quotation omitted).
In Jyles, 96-2669; 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Jyles, supra.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford, 95-929; 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
| sin this case, appointed appellate counsel’s brief demonstrates that after a de *1256 tailed review of the record, he could find no non-frivolous issues to raise on appeal. The State responds that counsel’s brief shows that counsel has cast an advocate’s eye over the record and determined that there were no significant non-frivolous issues to raise on appeal. The State urges this Court to grant appellate counsel’s request to withdraw as counsel of record.
Counsel filed a motion to withdraw, which reflects that a copy of the motion, the Anders brief, and the pro se briefing notice have been maüed to Defendant. Counsel requests that he be permitted to withdraw from further representation, preserving Defendant’s right to timely file a pro se supplemental brief for this appeal. Additionally, this Court sent Defendant a letter by certified mail informing her that an Anders brief had been filed and that she had until June 14, 2012, to file a pro se supplemental brief. Defendant failed to file a brief for this appeal.
An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
The bill of information in this case properly charged Defendant and presents no non-frivolous issues supporting an appeal. As required, it plainly, concisely, and definitely states the essential facts constituting the offense charged. It also sufficiently identifies Defendant and the crime charged. See generally LSA-C.Cr.P. arts. 464-66.
As reflected by the minute entries and commitment, Defendant appeared at each stage of the proceedings against her. She attended her arraignment, her guilty plea, and her sentencing. As such, Defendant’s presence does not present any issue that would support an appeal.
Further, Defendant pleaded guñty as charged. If a defendant pleads guñty, the defendant normaüy waives all non-jurisdictional defects in the proceedings | (¡leading up to the guñty plea and is precluded from review of such defects either by appeal or post-conviction relief. State v. Wingerter, 05-697 (La.App. 5 Cir. 3/14/06); 926 So.2d 662, 664.
The record reflects that there were no pre-trial motions or rulings in this case to raise on appeal. There were no rulings to preserve for appeal under the holding in State v. Crosby, 338 So.2d 584 (La.1976).
Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06); 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. McCoil, supra. In such a case, the defendant has been denied due process of law in that the plea was not given freely and knowingly. State v. Dixon, 449 So.2d 463, 464 (La.1984).
The record shows Defendant was aware she was pleading guilty to theft over $500.00. During the colloquy, the judge told Defendant to stop him if she had questions and asked her about her age and education. She told the judge that she was 59 years old and had a twelfth grade education. She was advised of her right to a judge or jury trial, her right to confrontation, and her privilege against self-incrimination, as required by Boykin v. Alabama.[4] Defendant was advised of these rights by means of the waiver of rights *1257 form and during the colloquy with the trial judge. Defendant indicated that she understood that she was waiving these rights.[5] Defendant further indicated that she was satisfied with the manner in which the |7court and her attorney handled her case. She also stated that she had not been forced, coerced, or threatened to enter her guilty plea.
LSA-R.S. 14:67(B)(1)[6] provides for a sentence of imprisonment, with or without hard labor, for not more than ten years, or a possible fine of not more than three thousand dollars, or both. Defendant was advised by means of the waiver of rights form that she faced a maximum sentence of ten years imprisonment and/or a $8,000.00 fine. During the colloquy, the court advised her that she faced a possible 10-year sentence at hard labor. Defendant was also told the sentence that she would receive if her guilty plea was accepted. According to the form and the transcript from the colloquy, she was told that she would receive five years imprisonment at hard labor, provided that she paid the restitution previously agreed upon. Defendant indicated that she understood the consequences of pleading guilty and wished to plead guilty. Defendant admitted her signature was on the form.
Defendant conferred with her attorney before entering her guilty plea, and her plea agreement was beneficial. Further, Defendant was clearly advised of the sentence that she would receive by pleading guilty.
Further, Defendant’s sentence does not present issues for appeal. Defendant’s sentence was imposed pursuant to a plea agreement. Defendant knew what her sentence would be if she chose to plead guilty, and it appears defendant received a sentence in conformity with the agreement. LSA-C.Cr.P. art. |s881 -2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. See State v. Washington, 05-211 (La.App. 5 Cir. 10/6/05); 916 So.2d 1171, 1173.
Defendant’s sentence also falls within the sentencing range prescribed by LSA-R.S. 14:67. Defendant was sentenced to five years imprisonment at hard labor. The statute provided for a possible penalty of imprisonment, with or without hard labor, for not more than ten years, or a possible fine of not more than three thousand dollars, or both. See LSA-R.S. 14:67(B)(1).
*1258 Based on the foregoing, the proceedings surrounding Defendant’s guilty plea and her sentence do not present any non-frivolous appealable issues. Because appellate counsel’s brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel’s assertion, Defendant’s conviction and sentence are affirmed and appellate counsel’s motion to withdraw as attorney of record is granted.

ERROR PATENT DISCUSSION

Defendant requests an error patent review. However, this Court routinely reviews the record for errors patent in accordance with LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990), regardless of whether the defendant makes such a request. The review reveals no errors patent in this case.
DECREE
For the foregoing reasons, Defendant’s conviction and sentence are affirmed. Appellate counsel’s motion to withdraw is granted.

AFFIRMED; MOTION TO WITHDRAW GRANTED

. Defendant pleaded guilty and did not proceed to trial. The facts are taken from the amended bill of information.

. The procedure set forth in Benjamin for compliance with Anders was sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981 (La.4/28/95); 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96); 676 So.2d 1108, 1110-11.

. The United States Supreme Court reaffirmed its position in Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. The January 23, 2012 minute entry also reflects Defendant was advised of her Boykin rights.

. At the time of the commission of the offense (on or between July 22, 2007 and August 13, 2010), LSA-R.S. 14:67(B)(1) provided that the maximum grade for the crime was theft in the amount of $500.00 or more. It is noted that the statute was amended by Acts 2010, No. 585, § 1 to change the penalty provisions for theft. This amendment’s effective date was August 15, 2010. LSA-R.S. 14:67(B)(1) now provides whoever commits the crime of theft when the misappropriation or taking amounts to a value of $1,500.00 or more shall be subject to this penalty. LSA-R.S. 14:67(B)(2) now provides the penalty for the misappropriation or taking amounts to a value of $500.00 or more, but less than a value of $1,500.00. It is well established that the applicable sentencing scheme is the one in effect at the time the offense is committed. State v. Hoskins, 10-650 (La.App. 5 Cir. 5/24/11); 66 So.3d 1186, 1191. The Louisiana Supreme Court has held that the “mere fact that a statute may be subsequently amended, after the commission of the crime, so as to modify or lessen the possible penalty to be imposed, does not extinguish liability for the offense committed under the former statute.” Id. (quotation omitted). It is noted that the amount of the theft in the present case was over $100,000.00. Defendant was charged in the bill of information with the maximum grade for the crime at the time of the offense.