MOLAISON, J.
Defendant, Charles E. Nelson, appeals his convictions and sentences for one count of possession with intent to distribute cocaine and one count of possession with intent to distribute hydrocodone, in violation of La. R.S. 40:967(A), and one count of possession of heroin, in violation of La. R.S. 40:966(C). Mr. Nelson's appointed counsel has filed an appellate brief pursuant to Anders v. California[1] asserting there is no basis for a non-frivolous appeal, and has also filed a motion to withdraw as counsel of record. For the following reasons, we affirm Mr. Nelson's convictions and sentences and remand this matter to the trial court for corrections of errors patent on the record. Further, we grant appellate counsel's motion to withdraw as counsel of record.
FACTS AND PROCEDURAL HISTORY
In this case, because Mr. Nelson's convictions resulted from guilty pleas, the circumstances surrounding the offenses were not fully developed at a trial. Here, the record reflects that on or about January 11, 2013, Mr. Nelson knowingly or intentionally possessed, with the intent to distribute, cocaine and hydrocodone, and that he knowingly or intentionally possessed heroin.
On March 22, 2013, the Jefferson Parish District Attorney filed a bill of information charging Mr. Nelson with possession with intent to distribute cocaine in violation of La. R.S. 40:967(A) (count one), possession of heroin in violation of La. R.S. 40:966 (count two), and possession with intent to distribute hydrocodone in violation of La. R.S. 40:967(A) (count three). At his arraignment *614 on April 9, 2013, Mr. Nelson pled not guilty. Thereafter, Mr. Nelson filed omnibus motions seeking suppression of the evidence, statements, and identification.
On March 21, 2016, pursuant to a negotiated plea agreement, Mr. Nelson withdrew his not guilty pleas and entered pleas of guilty as charged on all three counts. During the guilty plea colloquy, the State provided the following factual basis for the guilty pleas:
If the Sate [sic] proceeded to trial against Charles Nelson in Clerk Number 13-1528, the State would prove beyond a reasonable doubt that Charles Nelson on January 11, 2013 committed two separate violations of Louisiana Revised Statute Title 40, Section 967.A. Specifically, he possessed with the intent to distribute cocaine and also possessed with the intent to distribute hydrocodone. The State would further prove that on that same date in Jefferson Parish, [Mr. Nelson] violated Louisiana Revised Statute Title 40, Section 966.C, in that he did knowingly possess heroin.
Following the recitation by the State, Mr. Nelson indicated that he understood and was in agreement with the factual basis for his pleas. On that same date, after accepting Mr. Nelson's guilty pleas as having been knowingly, intelligently, freely and voluntarily made, the trial court sentenced Mr. Nelson as follows: (1) count one - fifteen years imprisonment at hard labor with the first two years to be served without benefit of parole, probation, or suspension of sentence; (2) count two - four years imprisonment at hard labor; and (3) count three - four years imprisonment at hard labor. Further, the trial court ordered that each sentence was to run concurrently with one another, as well as with the sentences imposed that same date in case numbers 15-7082 and 16-518.[2]
Also, on March 21, 2016, the State filed a multiple offender bill alleging Mr. Nelson to be a second-felony offender to which Mr. Nelson stipulated. The trial court then vacated the original sentence on count one and resentenced Mr. Nelson pursuant to the multiple offender statute, La. R.S. 15:529.1, to fifteen years imprisonment at hard labor with the first two years to be served without the benefit of parole, probation, or suspension of sentence, and the remainder of the sentence to be served without the benefit of probation or suspension of sentence.[3] The sentences were ordered to run concurrently with the original *615 sentence imposed as to counts two and three, and with the sentences imposed in cases 15-7082 and 16-518.
Mr. Nelson filed an Application for Post-Conviction Relief ("APCR") on February 2, 2018, which the trial court dismissed without prejudice. On supervisory review, this Court vacated that ruling and remanded the matter to the trial court with instructions to construe Mr. Nelson's APCR as a timely filed request for an out-of-time appeal. State v. Nelson , 18-117 (La. App. 5 Cir. 3/22/18) (unpublished writ disposition). On March 27, 2018, the trial court granted Mr. Nelson an out-of-time appeal.
LAW AND DISCUSSION
Anders Brief
Under the procedure adopted by this Court, appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal.[4] Accordingly, pursuant to Anders , supra , and State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam ), appointed counsel has filed a motion to withdraw as counsel of record.
In Anders , supra , the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds the defendant's case to be wholly frivolous after a conscientious examination of it.[5] The request must be accompanied by "a brief referring to anything in the record that might arguably support the appeal" so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." McCoy v. Court of Appeals of Wisconsin, Dist. 1 , 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988) (internal citations omitted).
In State v. Jyles , 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The Supreme Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." Id.
When conducting a review for compliance with Anders , an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford , 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the *616 court, or grant the motion and appoint substitute counsel for the appellant. Id.
In the brief filed by Mr. Nelson's appointed appellate counsel in the present case, she asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Appellate counsel states that prior to withdrawing his pleas of not guilty and entering pleas of guilty, Mr. Nelson was fully informed of the legal consequences of changing his pleas by both his trial counsel and the trial court. She further avers that the trial court explained to Mr. Nelson the rights necessary to ensure a knowing and intelligent waiver of rights, including the right to a trial by jury, the right to remain silent, and the right to confront witnesses. In connection with the multiple offender adjudication, appellate counsel avers that Mr. Nelson was informed of his right to a hearing and his right to remain silent. She claims that the trial court fully explained to Mr. Nelson the sentences it intended to impose if the guilty pleas were accepted. Further, appellate counsel maintains that the trial court sentenced Mr. Nelson in accordance with the plea agreements and, therefore, pursuant to La. C.Cr.P. art. 881.2(A)(2),[6] Mr. Nelson is prohibited from appealing his sentences.
Appellate counsel has filed a motion to withdraw as attorney of record, which provides that she has notified Mr. Nelson of the filing of this motion and advised him of his right to file a pro se brief. Additionally, this Court sent Mr. Nelson a letter by certified mail informing him that an Anders brief had been filed and that he had until July 2, 2018 to file a pro se supplemental brief. Mr. Nelson has not filed a pro se supplemental brief in this matter.
The State responds that the brief filed by appellate counsel shows a conscientious and thorough review of the procedural history of the case. The State acknowledges that appellate counsel has "cast an advocate's eye" over the record and determined that there are no non-frivolous issues to raise on appeal. According to the State, appellate counsel has conformed with and followed the procedures set forth in Anders and Jyles , supra , and should be granted permission to withdraw. The State further avers that it agrees with appellate counsel that the trial court conducted a colloquy with Mr. Nelson and explained to him the rights he was waiving by pleading guilty, and notes that Mr. Nelson acknowledged to the trial court that the pleas were in his best interest. Moreover, the State asserts that the trial court elucidated for Mr. Nelson the time limits for filing an appeal and post-conviction relief. Additionally, the State notes that the trial court advised Mr. Nelson regarding the sentences to be imposed, and that sentences imposed were within the statutory limits. The State agrees with appellate counsel that Mr. Nelson voluntarily and intelligently entered guilty pleas and that there are no non-frivolous issues to be raised on appeal.
An independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal.
We find that the bill of information in this case properly charges Mr. Nelson and that it plainly, concisely, and definitively states the essential facts constituting the offenses charged, and cites the statutes Mr. Nelson violated. It also sufficiently identifies Mr. Nelson and the crimes *617 charged. See generally La. C.Cr.P. arts. 462 - 466.
As reflected by the minute entries contained in the record, Mr. Nelson and his counsel appeared at all crucial stages of the proceedings against him, including his arraignment, guilty pleas, stipulation to multiple bill, and sentencing. Consequently, we find that Mr. Nelson's presence does not present any issues which would support an appeal.
Moreover, Mr. Nelson pled guilty as charged and stipulated to the allegations of the multiple offender bill of information. When a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief. State v. Turner , 09-1079 (La. App. 5 Cir. 7/27/10), 47 So.3d 455, 459. Additionally, an unconditional guilty plea, knowingly and willingly made, waives any and all non-jurisdictional defects and bars a defendant from later asserting on appeal that the State failed to produce sufficient proof at the multiple offender hearing. State v. Schaefer , 97-465 (La. App. 5 Cir. 11/25/97), 704 So.2d 300, 304. Here, Mr. Nelson entered unqualified guilty pleas and a stipulation to the multiple bill; consequently, all non-jurisdictional defects are waived. No rulings were preserved for appeal under the holding in State v. Crosby , 338 So.2d 584 (La. 1976).
Although Mr. Nelson filed omnibus motions, including motions to suppress evidence, statement, and identification, the record does not indicate that the trial court ruled upon Mr. Nelson's motions prior to the time he pled guilty. Also, the record reflects that Mr. Nelson did not object to the trial court's failure to do so. When the trial court does not hear or rule on a pretrial motion, and the defendant does not object prior to pleading guilty, the motion is considered waived. See State v. Corzo , 04-791 (La. App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102.
Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil , 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain, or what he justifiably believes was a plea bargain, and that bargain is not kept. Id. In such a case, the defendant has been denied due process of law in that the plea was not given freely and knowingly. State v. Dixon , 449 So.2d 463, 464 (La. 1984).
Our review of the record in this case reveals no constitutional infirmity in Mr. Nelson's guilty pleas. The record shows that Mr. Nelson was aware that he was pleading guilty to possession with intent to distribute cocaine and hydrocodone and possession of heroin, and also that he was pleading guilty on the multiple offender bill of information as a second-felony offender. He was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination, as required by Boykin , on both the charges for possession with intent to distribute cocaine and hydrocodone and with possession of heroin, and with regard to the multiple offender bill. Mr. Nelson was advised of these rights by means of the Waiver of Constitutional Rights Plea of Guilty Form (waiver of rights form). Mr. Nelson confirmed that he had the opportunity to review the waiver of rights form with his counsel and that he signed it. In the waiver of rights form, Mr. Nelson initialed next to each of these rights and signed the form, indicating that he understood that he *618 was waiving these rights by pleading guilty. Mr. Nelson was also advised of these rights during the colloquy with the trial court in which the trial court separately advised Mr. Nelson of his rights with regards to his guilty pleas on the possession with intent to distribute cocaine and hydrocodone and possession of heroin charges, and with the multiple offender bill. With regards to the multiple bill, Mr. Nelson was advised of his right to a hearing at which the State would have to prove his multiple offender status, and was advised of his right to remain silent throughout the hearing. Mr. Nelson indicated during the colloquy with the trial court that he understood that he was waiving those rights. Mr. Nelson further indicated that he had not been forced, threatened, or coerced into pleading guilty or stipulating to the multiple offender bill.[7]
Further, during the colloquy and by the waiver of rights form, Mr. Nelson was informed of the maximum and actual sentences that would be imposed if his guilty pleas were accepted and that the sentences were to be served at hard labor. Mr. Nelson was advised that, if the court accepted his plea agreement, he would be sentenced on the multiple bill as to the possession with intent to distribute cocaine charge to fifteen years, the first two years to be served without benefit of parole, probation, or suspension of sentence, and the remainder of the sentence to be served without benefit of probation or suspension of sentence. On the waiver of rights form, Mr. Nelson indicated that he understood he would be sentenced to fifteen years at hard labor at the Department of Corrections and he signed the form, indicating that he understood his sentence and his status as a second-felony offender.
La. C.Cr.P. art. 556.1(A)(1) provides that, prior to accepting a guilty plea, the court must personally inform the defendant of the nature of the charge to which the plea is offered, any mandatory minimum penalty, and the maximum possible penalty. "Any variance from the procedures required by this Article which does not affect substantial rights of the accused shall not invalidate the plea." La. C.Cr.P. art. 556.1(E). Violations of La. C.Cr.P. art. 556.1 that do not rise to the level of Boykin violations are subject to harmless error analysis. State v. Guzman , 99-1528, 99-1753 (La. 5/16/00), 769 So.2d 1158 ; State v. Craig , 10-854 (La. App. 5 Cir. 5/24/11), 66 So.3d 60, 64. The Louisiana Supreme Court has held that the core Boykin requirements have never been extended to include advice with respect to sentencing. State v. Guzman , 769 So.2d at 1164. Although the record in the instant case reflects that the trial judge did not advise Mr. Nelson as to the minimum sentences on each count upon which he was charged, we find this error to be harmless, as there is no indication that Mr. Nelson was prejudiced in any way. In State v. Broadway , 40,569 (La. App. 2 Cir. 1/25/06), 920 So.2d 960, 963, the defendant argued that his guilty plea was involuntary because the court erred in failing to adequately apprise him of the sentencing range for the attempt crime for which he pled guilty. The Second Circuit noted that advice regarding sentencing exposure was not part of the core Boykin requirements and that, moreover, the court advised the defendant of the agreed sentence, which satisfied the notice requirement of La. C.Cr.P. art. 556.1. In the present case, the trial court *619 explained to Mr. Nelson the sentences he would receive and he, in fact, received those sentences. We find the advisement of the agreed upon sentences was sufficient for compliance with La. C.Cr.P. art. 556.1.
The trial court found that Mr. Nelson had made a knowing, intelligent, free, and voluntary act of tendering his guilty pleas. Accordingly, the trial court accepted those guilty pleas. Further, the trial court accepted Mr. Nelson's stipulation to the multiple bill as having been knowingly, intelligently, freely, and voluntarily made. Our review of the record supports the trial court's findings.
Finally, we find that Mr. Nelson's sentences do not present any issue for appeal. We note that the sentences fall within the sentencing range prescribed by statute. See La. R.S. 40:967(B), La. R.S. 40:966(C) ( (1), and La. R.S. 15:529.1(A). Further, Mr. Nelson's sentences were imposed pursuant to a plea agreement. La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. See State v. Washington , 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. Additionally, Mr. Nelson's plea agreements were beneficial to him in that although he was a fourth-felony offender, the State agreed to bill Mr. Nelson as a second-felony offender, which reduced his sentencing exposure.
Based on the foregoing, the proceedings surrounding Mr. Nelson's pleas of guilty and his sentences do not appear to present any non-frivolous issues to be raised on appeal. Because appellate counsel's brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel's assertion, counsel's motion to withdraw as attorney of record is granted.
ERRORS PATENT REVIEW
As is our routine practice, we have reviewed the record for errors patent, according to La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) ; State v. Weiland , 556 So.2d 175 (La. App. 5th Cir. 1990). The following matter was discovered.
The transcript reflects that the trial court erroneously ordered that the first two years of all three of Mr. Nelson's sentences were to be served without benefit of parole, probation, or suspension of sentence, even though there should have been no restrictions on counts two and three. The sentencing minute entry, however, reflects that the trial court ordered those restrictions with regard to only count one. Moreover, the Uniform Commitment Order ("UCO") reflects that the first two years of the sentence on count one is to be served without benefit of parole, probation, or suspension of sentence, and the remainder of the sentence is to be served without the benefit of probation or suspension of sentence. The UCO, however, does not reflect that the restriction applies only to the enhanced sentence on count one. In light of the foregoing, we remand this matter to the trial court with instructions to correct the UCO as noted above and direct the 24th Judicial District Court Clerk of Court to transmit the corrected UCO to the appropriate authorities, in accordance with La. C.Cr.P. art. 892(B)(2) and to the Department of Corrections' legal department. See State v. Garcie , 17-609 (La. App. 5 Cir. 4/11/18), 242 So.3d 1279, 1290.
DECREE
For the foregoing reasons, Mr. Nelson's convictions and sentences are affirmed. We remand this matter for the limited *620 purpose: (1) of correcting the Uniform Commitment Order to reflect that the restriction that the first two years of Mr. Nelson's sentence is to be served without benefit of parole, probation, or suspension of sentence, and the remainder of the sentence is to be served without benefit of probation or suspension of sentence, applies to Mr. Nelson's enhanced sentence on count one only; and (2) for the 24th Judicial District Court Clerk of Court to transmit the corrected UCO to the appropriate authorities in accordance with La. C.C.P. art. 892(B)(2) and to the Department of Corrections' legal department. The motion to withdraw as counsel for defendant is hereby granted.
CONVICTIONS AND SENTENCES AFFIRMED; MATTER REMANDED FOR CORRECTION OF UCO; MOTION TO WITHDRAW GRANTED

386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

In case 15-7082, as to count one (possession with intent to distribute cocaine, a violation of La. R.S. 40:967(A) ), Mr. Nelson was sentenced as a second-felony offender to twenty-two years imprisonment at hard labor, the first two years to be served without benefit of probation, parole, or suspension of sentence, with the remainder to be served without benefit of probation or suspension of sentence; as to counts two (possession with intent to distribute hydrocodone, a violation of La. R.S. 40:967(A) ) and three (possession with intent to distribute Alprazolam, a violation of La. R.S. 40:969(A) ), Mr. Nelson was sentenced to five years imprisonment at hard labor on each count; and, as to count four (simple criminal damage to property with a value between $500 to $50,000, a violation of La. R.S. 14:56 ), Mr. Nelson was sentenced to one year imprisonment. Mr. Nelson was also ordered to pay restitution in the amount of $3,007.34 to the Jefferson Parish Sheriff's Office. In case 16-518, Mr. Nelson was sentenced to six months imprisonment on count one (resisting arrest, a violation of La. R.S. 14:108 ). The sentence imposed in case 13-1528 was ordered to run concurrently with the sentences imposed in cases 15-7082 and 16-518.

The trial court also ordered Mr. Nelson to pay a $45.00 fine to the Indigent Defense Board in accordance with La. R.S. 15:168. Additionally, the trial judge recommended that, during his incarceration, Mr. Nelson be given the opportunity to participate in substance abuse treatment and in all available self-help programs.

In State v. Bradford , 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11, this Court adopted the procedures outlined in State v. Benjamin , 573 So.2d 528, 530 (La. App. 4 Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v Mouton , 95-0981, pp. 1-2 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam ).

The United States Supreme Court reiterated Anders in Smith v. Robbins , 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

La. C.Cr.P. art. 881.2(A)(2) provides that "[t]he defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea."

By stipulating to the multiple bill, Mr. Nelson waived his right to a hearing, as well as to any possible jurisdictional defects. Consequently, Mr. Nelson is barred from asserting on appeal that the State failed to produce sufficient proof at the multiple bill hearing when he waived the hearing. See Schaefer , supra .